THE CITY OF MOUND CITY, Appellee, *vs.* HUGH A. MASON,
Appellant.

*Opinion filed February 21, 1914—Rehearing denied April 9, 1914.*

1. EMINENT DOMAIN—*petition in conformity with the statute is essential.* A petition in conformity with the statute granting the right of condemnation is necessary to give the court jurisdiction to proceed under the Eminent Domain act.

2. SAME—*a petition should set forth all the facts necessary to authorize the court to act.* A petition in a condemnation proceeding should set forth all the facts necessary to authorize the court to act, should show a clear right to take the land sought to be taken, and should show not only that the property is wanted for a public use, but that the case is within the particular statute under which the proceeding is had.

3. SAME—*when condemnation proceeding need not set out any ordinance or resolution.* If a petition by a city to condemn land refers to the statute under which it is proceeding and avers facts bringing it within the statute, it is not necessary, in order to show the authority of the city to maintain the petition, to set out any ordinance or resolution of the city council providing for the work.

4. SAME—*what averment does not show that petitioner is within the terms of a particular statute.* An averment in a condemnation petition by a city that it is necessary for it to raise and strengthen its present levee system for the protection of the city from overflow from the Ohio river does not amount to an aver-

ment that the petitioner is a city subject to, in danger of or threatened with overflow, or that it has any system of levees or has determined to raise and strengthen any levees, and does not bring the petitioner within the terms of the act of 1913 (Laws of 1913, p. 157,) empowering cities subject to, in danger of or threatened with overflow to raise and strengthen their levees and authorizing the purchase or condemnation of land for such purpose.

5. MUNICIPAL CORPORATIONS—*city council can only act by ordinance or resolution.* A city council can only act by means of an ordinance or resolution, but where a city council has power to act in a given case and its charter does not prescribe the manner of its action it may accomplish its purpose by resolution as well as by ordinance.

6. SAME—*when condemnation of land for levee material is not unauthorized.* Where a statute authorizes a city to condemn land for the purpose of getting earth to build a levee, the fact that the levee is being constructed by contract, or by some agency other than the employees of the city, does not deprive the city of its power to condemn land for the purpose so authorized.

7. PRACTICE—*all communication between judge and jury must be in open court.* It is reversible error for a trial judge to hold any communication with the jury in regard to the instructions in the case except in open court, and it is immaterial in such case whether the instructions so given are right or wrong.

APPEAL from the County Court of Pulaski county; the Hon. W. S. DEWEY, Judge, presiding.

GEORGE B. GILLESPIE, (FRED HOOD, and GILLESPIE & FITZGERALD, of counsel,) for appellant.

GEORGE E. MARTIN, C. S. MILLER, and CHARLES L. RICE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment assessing compensation in favor of the appellant in a proceeding under the Eminent Domain act to condemn his land for the purpose of obtaining earth to raise and strengthen the levee system of the city of Mound City.

A motion to dismiss the petition for want of power in the petitioner to condemn the property was denied. It should have been allowed. A petition in conformity with the statute granting the right of condemnation is necessary to give the court jurisdiction to proceed under the Eminent Domain act. It should set forth all the facts necessary to authorize the court to act and should show a clear right to take the land sought to be taken. It should show not only that the property is wanted for a public use, but that the case is within the particular statute under which the proceedings are had. (*Chicago and Northwestern Railway Co.* v. *Galt,* 133 Ill. 657; *Harvey* v. *Aurora and Geneva Railway Co.* 174 id. 295.) The petition does not refer expressly to any statute under which it is brought, but states that the petitioner is authorized to construct, maintain and improve its levees or protective embankments for the purpose of preventing inundations and overflows, and is also authorized and empowered to acquire real estate, by purchase or condemnation proceedings, for right of way for said levees and from which to take materials for the construction of levees and embankments. It also states that it is necessary to raise and strengthen its present levee system for the protection of said city from overflow from the Ohio river, and that it is necessary to acquire certain real estate (which is described and alleged to be owned by the appellant) for the purpose of obtaining earth or other materials with which to construct, widen, raise, strengthen and improve its levee system.

Counsel for the appellee state in their brief that the proceeding is brought in accordance with the act of June 26, 1913. (Laws of 1913, p. 157.) Section 1 of that act provides that all cities, villages and incorporated towns subject to or in danger of or threatened with overflow or inundation from rivers or other sources, shall have power to construct, widen, raise, strengthen, improve, repair and maintain levees, embankments and structures, and shall have

power for any of such purposes to levy a tax, etc.   Section 3 provides that all such cities, villages and towns are vested with power to purchase, or condemn by the exercise of the right of eminent domain, all such real estate as may be needful for the purpose of constructing levees, protective embankments and structures, and also for the purpose of obtaining earth or other materials, either within or without the limits of such municipalities, with which to construct, widen, raise, strengthen, improve, repair or maintain such levees, protective embankments and structures.   The petition contains no allegation that the petitioner is a city subject to, in danger of or threatened with overflow or inundation from a river or other source, or that it has any system of levees or has determined to raise and strengthen any levees, except the inference to be drawn from the statement that it is necessary to raise and strengthen its present levee system for the protection of said city from overflow from the Ohio river.   Such an argumentative statement can not take the place of allegations of the necessary facts.

No ordinance of the city was alleged in the petition or shown by the evidence, for the construction, raising, strengthening or otherwise improving of levees or the taking of any land for such purposes, and it is insisted that such ordinance is necessary as a basis for this proceeding. The powers conferred by the act in question could be exercised only by the city council, which, under the law, has control of the finances and property of the corporation, the appropriation of its money and the payment of its expenses. The council could act only by means of an ordinance or a resolution, but where a city council has power to act in a given case and its charter does not prescribe the manner of action it may accomplish its purpose by resolution as well as by ordinance. (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 174 Ill. 439; *Board of Education* v. *DeKay*, 148 U. S. 591; *Illinois Savings Bank* v. *Arkansas City*, 76 Fed. Rep. 271; *City of Crawfordsville* v.

*Braden,* 130 Ind. 149.)   In *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago, supra,* we said (p. 445): "A resolution or order is not a law, but merely the form in which the legislative body expresses an opinion.   An ordinance prescribes a permanent rule of conduct or government, while a resolution is of a special and temporary character.   Acts of legislation by a municipal corporation which are to have continuing force and effect must be embodied in ordinances, while mere ministerial acts may be in the form of resolutions.   It is true that, where the charter of a municipality is silent as to the mode in which the city council shall perform an act, the decision of the council may be evidenced by either a resolution or an ordinance.   *  *  *   As an ordinance is required to establish a fixed rule for the conduct of the affairs of the city, it would seem that the grade of a street should be established by an ordinance, and such is the general practice in this and other States."   The decision to construct or repair a levee, or to obtain, by contract or condemnation, the material for such work, fixes no rule of action or government and prescribes no permanent course of conduct to be observed in the management of the affairs of the city.   It may be of a special character, relating to a particular work, and there is no requirement that such work shall be authorized only by an ordinance or restriction against authorizing it by resolution.   It was not necessary, however, that either an ordinance or resolution should have been alleged in the petition.   The power of condemnation is derived from the statute, and section 2 of the Eminent Domain act prescribes what the petition shall contain.   In *Lake Shore and Michigan Southern Railway Co.* v. *Baltimore and Ohio and Chicago Railroad Co.* 149 Ill. 272, we held that the requirement that the authority of the petitioner in the premises shall be set out "by reference" in the petition, referred not to the corporate resolution directing the condemnation pro-

ceeding to be begun, but to the authority vested by law in the corporation seeking condemnation to exercise the power of eminent domain, and that a reference to its charter when the petitioner acts under a special charter, or to the articles of incorporation when it acts under a general law, or to the license or other authority to construct the public improvement for which it is sought to condemn property, complies with the statute. The authority of the petitioner was sufficiently set out in accordance with this construction of the statute.

In the case just cited it was held that, on a motion to dismiss, the petitioning corporation must produce some evidence of its existence as a *de facto* or *de jure* corporation, but not necessarily evidence of corporate action in making the location in question as embodied in a resolution of the board of directors. In this case the court would take judicial notice of the corporate existence of the petitioner, and this would entitle it *prima facie* to maintain its petition. While it might not be required to produce the ordinance or resolution under which it was proceeding, the appellant had that right, but no such ordinance was produced on the hearing of the motion. A resolution was introduced on the trial before the jury, but if it was the resolution under which the petition was prosecuted it was insufficient, because it bore the date of May 27, 1913, thirty days before the act was passed which authorized the proceeding.

A jury having been empaneled to ascertain and report the just compensation to the owner of the property proposed to be taken, W. N. Moyers was introduced as a witness by the petitioner, and testified that he was the superintendent in charge of the work of constructing the levee around the city of Mound City and identified the specifications for the proposed levee work which were offered in evidence. He testified as to the value of the appellant's land and the effect of the proposed improvement upon it. Upon

cross-examination he testified that he was employed by the United States war department, had no connection with the city of Mound City and was not employed by it, though the city paid for half of his time. The specifications for the levee work provided, among other things, as follows: "It is understood that the right of way for the levee has been secured; that the city of Mound City has obtained, for the benefit of the contractor, options on land from which to take earth for the levees, and that the cost to the contractor for such earth will not exceed $50 per acre. However, no claim against the United States for damages or expenses shall be made by the contractor on account of delay or failure to secure such right of way. In case of such delay or failure to secure the right of way, recommendation for proper waiver of time limit of the contract, without charge for inspection and superintendence against the contractor, will be made, in the discretion of the party of the first part, subject to the approval of the chief of engineers." At the conclusion of the evidence, and before the retirement of the jury, the appellant moved the court to dismiss the petition for the reason that the purpose of the proceeding was shown to be not for the purpose of acquiring the land in question by the petitioner for the public use mentioned in the petition, but for the purpose of re-sale to the contractor who had the contract for making the levee improvement. This motion was based upon the provision of the specifications of the work which has just been quoted. These specifications were introduced in evidence on the trial of the question of the amount of compensation, to show the character of the work to be done. They did not show, or purport to show, the nature of the agreement by which the city was procuring the work to be done. The paragraph quoted indicated that the city was to furnish earth for the construction of the levee. The statute authorized it to condemn land for this purpose. The fact that the levee was

to be constructed by contract did not prevent the city from condemning land for the purpose of securing earth which the city was bound to furnish for the work. If the city by contract procured the work to be done by some other agency than its own employees it did not thereby lose its power to condemn land to procure the materials necessary for the work. This motion was properly denied.

After the jury had retired, and while they were deliberating upon their verdict, the judge, at their request and in the absence of the parties to the suit, went into the jury room and made oral answers to several questions asked him by the jury in regard to the appellant's rights. The appellant moved for a new trial, and this action of the court was assigned as one reason. It is error, for which a judgment will be reversed, for a trial judge to hold any communication with the jury in regard to the instructions in the case except in open court. It is immaterial whether the instructions given were right or wrong. "The policy of the law requires that all the proceedings of the court should be open and notorious and in the presence of the party, so that if he is not satisfied with it he may take exceptions to it in the mode pointed out by the law, and not be put to extraneous proof to show that an error has been committed in a secret proceeding, and, in fact, out of court." *Crabtree* v. *Hagenbaugh,* 23 Ill. 349; *Chicago and Alton Railroad Co.* v. *Robbins,* 159 id. 598.

We do not regard the instructions for the appellee as subject to the criticisms which have been made upon them.

The judgment is reversed and the cause remanded to the county court of Pulaski county.

*Reversed and remanded.*