(No. 22134.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* ANNA PITTMAN *et al.* Appellants.

*Opinion filed February 23, 1934.*

HORACE R. BROWN, and J. L. SPAULDING, for appellants.

OTTO KERNER, Attorney General, and JOSEPH T. SKINNER, State's Attorney, for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The Department of Public Works and Buildings of the State of Illinois, (hereinafter called the Department,) appellee herein, filed its amended petition in eminent domain in the county court of Bureau county against the appellants, (hereinafter called the defendants,) seeking to condemn a strip of land approximately 80 feet wide over and across the lands of the defendants for the location thereon of a part of Route 88 of the State-wide system of durable, hard-surfaced roads. The defendants made their motion to dismiss the amended petition and thereby challenged the sufficiency of the allegations of the amended petition, and also contended that the Department was exceeding its authority in undertaking to condemn the defendants' lands. The motion was overruled. Thereupon the defendants filed their answers and cross-petitions. The cross-petitions prayed for the allowance of damages for lands not taken. The cause was tried by a jury and a verdict was returned assessing damages in favor of the de-

fendants. Motion for new trial made by the defendants was overruled and judgments were entered on the verdict. From such judgments the defendants prosecute this appeal.

The general location of Route 88 by the Department has been sustained by this court. (*Boyden* v. *Department of Public Works,* 349 Ill. 363.) The Department contends that the defendants herein are concluded by the decree in the *Boyden case.* The defendants were not parties to that suit and are not bound by the decree in that case so far as the location of the road on the lands of the defendants is concerned. The allegations of the amended petition were not expressed in the most apt terms or with the utmost precision, but in connection with the exhibits attached we believe they were sufficient to apprise the defendants that the Department had definitely located the right of way for the proposed highway over and across the lands of the defendants. It was not necessary to allege in the amended petition, as contended by the defendants, that there was not a public highway on which Route 88 could be located or that there was any reason for not locating it on an already existing highway, or that the proposed highway was a minor change occasioned by deviations from the existing highway. The location of the highway as set forth in the amended petition was notice to the defendants of all these facts. The statute expressly confers on the Department the power of eminent domain. The amended petition alleges that the Department is one of the executive branches of the State; that Route 88 is one of the durable, hard-surfaced roads provided by the act of the legislature approved June 29, 1923, (Laws of 1923, p. 512,) and that section 11 of the act provides for the procurement of the right of way and for the exercise of the right of eminent domain. The amended petition further alleges that the Department is constructing such road and that the course and location of that road has been established on, through and across the lands of the defendants, and

that the property sought to be taken was within the purview of the statute under which the Department was acting.

We do not regard the case of *City of Mound City* v. *Mason*, 262 Ill. 392, as an authority in point in the present case. The petition in that case sought to condemn land for the purpose of obtaining earth for the purpose of raising and strengthening the city's levee system. The petition did not refer to any statute under which the petition was brought, and did not allege that the city was subject to, or in danger of or threatened with, overflow or inundation, or that the city had any system of levees. The amended petition here definitely withstands, so far as aplicable, the vices in the petition in the *Mound City case, supra.*

Route 88 has already been constructed from its northern terminus south to Route 92 and from the southern terminus northerly to Route 7, leaving the road unconstructed between the termini, a distance of about thirteen and one-half miles. Construction work has been started northerly from Route 7. The southern end of Route 88 as already built, at its intersection with Route 92, and the northern end of the route as already built, at its intersection with Route 7, are in practical apposition to one another. The unconstructed portion as located runs on a line due north and south on the section lines, except at a point about three miles north of Buda, where Route 88 crosses the Chicago and Northwestern railway tracks. As Route 88 approaches the railway tracks the road deviates from the section line in order to secure the necessary adjustment for the crossing over the railroad tracks. After making the crossing the road returns to and follows the section line. Beginning at the northerly end the proposed route extends southerly over the existing highway for a distance of approximately two and one-half miles. At this point, which is approximately the common section corner of sections 27, 28, 21 and 22 in township 18 north, range 7 east

of the third principal meridian, the route as located leaves the existing public road and extends south through private property for about four and one-quarter miles, at which point it again enters upon an existing highway and follows it southerly about one and three-quarter miles, then extends over private property for a distance of about two miles, then over the existing highway for about one and one-half miles, then over private property for about one and one-half miles to its intersection with Route 7.

It is claimed by the defendants that Route 88 should have followed the existing highway at the section corner of the four sections. At such section corner the existing highway turns with approximately a 90-degree angle and runs easterly about one-half mile. It then turns southerly with approximately a 90-degree angle and runs approximately to the section line previously mentioned. It then turns westerly at a 90-degree angle for a very short distance, then turns southerly or southwesterly, until, near the southern line of section 27, it turns southerly, and extends in a southerly direction, with slight angles, to a point in the south half of section 10, township 17 north, range 7 east of the fourth principal meridian, at which point the existing highway turns in a southwesterly direction and runs to a point near the common section corner of sections 15, 16, 9 and 10 in township 17.

The evidence shows that the existing highway at the common section corner of sections 28, 27, 21 and 22 is a graveled road and that there are farmhouses and improvements along the existing highway. The defendants are brother and sisters. Their lands are not owned as tenants in common but the tracts are operated as one farm, Eli and Anna Pittman living on the farm. Anna Pittman owns the southwest quarter of the southwest quarter of section 3, in township 17 north, range 7, on which the residence house and some small buildings, a pumping plant, water supply, orchard, flowers and decorative plants

are located. Faith Pittman owns the southeast quarter of the southeast quarter of section 4, same township and range, on which is located the principal corn crib used in the operation of the farm. This tract also receives its water supply from the equipment on the Anna Pittman tract. Eli Pittman owns the northwest quarter of the northwest quarter of section 10, same township and range, on which are located stock scales and a garage. The northeast quarter of the northeast quarter of section 9, same township and range, is also owned by Eli. On this last tract are located the barn, silo, part of the corn cribs, and yards for livestock. These two tracts receive their water supply from the equipment on the Anna Pittman tract. The existing highway extends along the east side of the Eli Pittman lands and 80 rods east of the proposed new location of Route 88. The 160-acre tract is divided into north and south halves by an existing public highway running east and west on the section line between sections 3 and 4 on the north and sections 9 and 10 on the south.

It is contended by the defendants that the change made by the Department in re-locating Route 88 is not a minor change within the scope of the legislative act. The act provides that in locating the highways provided for therein, the Department, with the approval of the Governor, shall determine the exact route, between the termini, on which the highway shall be built, with the further provision that the Department may make such minor changes in the location of the route as may become necessary in order to carry out the provisions of the act. The amended petition alleges that the Governor has approved the location of Route 88 as made by the Department. The act clearly contemplates that departures from established highways may be made in the location of the road by the Department, otherwise the right to make minor changes and deviations from established roads would be meaningless. It is impossible to find any two communities in the State

that are not connected by an existing highway or highways. Such highway may not be the shortest distance between two given points, but nevertheless such highway does afford traffic communication between the two communities. Neither was it the legislative intent that the durable, hard-surfaced roads provided by the act should be constructed on the shortest line between any two named communities mentioned in the act, nor that such highways should be constructed for the convenience of the transient rather than of the local residents using the highways. The Department, by the act, is presumed, in locating a bond issue route, to consider the factors of safety, expenses to the State and the traveling public, the expenses of future maintenance, and that the roads are to be built not only to accommodate present traffic but also future traffic. A consideration of the question of minor changes involved in the construction of State roads where the location was a departure from existing highways and made on and over private property for a considerable distance and the Department's action therein was upheld, may be found in the following cases: *Department of Public Works* v. *Challand,* 348 Ill. 385; *Hayes* v. *Department of Public Works,* 336 id. 233; *Department of Public Works* v. *Epperson,* 333 id. 313; *Wiley* v. *Department of Public Works,* 330 id. 312; *Department of Public Works* v. *Spanogle,* 327 id. 122; *MacGregor* v. *Miller,* 324 id. 113; *People* v. *Department of Public Works,* 320 id. 117; *Stewart* v. *Department of Public Works,* 336 id. 513; *Mowry* v. *Department of Public Works,* 345 id. 121.

While we may doubt the wisdom or necessity of the re-location of Route 88 over the property of the defendants, that fact is not a legal justification for our setting aside such action of the Department. We can see there may be reasonable ground for an honest difference of opinion. If there is, then the action of the Department is conclusive. (*Boyden* v. *Department of Public Works, supra.*)

The Department does not have unlimited discretion in the location of the routes provided by the act in question but only such discretion as is provided by the act, yet unless we can say that the act of the Department in re-locating the road over the property of the defendants is the result of fraud, corruption, oppression or gross injustice we must be controlled by the judgment of the Department. (*Boyden* v. *Department of Public Works, supra; Hayes* v. *Department of Public Works, supra; Wiley* v. *Department of Public Works, supra; Mitchell* v. *Lowden,* 288 Ill. 327.) The record as made does not warrant interference by the court with the exercise of the Department's judgment in the location of Route 88 upon the defendants' lands. The departure of such route from the existing highway and the re-location thereof on the defendants' lands possibly work a hardship on the defendants. However, Route 88 is a governmental project, and while the rights of the individual should always be protected so must the rights of the citizens as a whole be protected, the rights be balanced and that course adopted which does the least injury. The Department has decided that the public welfare will be best served by the re-location as made. No clear abuse of power on the part of the Department is shown, and we must yield to its judgment. *Department of Public Works* v. *Challand, supra.*

Complaint is made that the amount of damages awarded is inadequate. None of the instructions given are criticised. We must therefore assume that the jury were accurately and fully instructed as to the law of the case. The defendants were permitted to introduce evidence as to the damages to the lands taken and to the lands not taken and to the farm as a whole quarter section, notwithstanding the ownership of 80 acres and of the two remaining 40-acre tracts was several and there was no contract offered in evidence for the farming of the premises as related tracts. The jury viewed the premises, saw the witnesses and heard their testimony. The verdict returned was within the scope

of the testimony, was for an amount larger than any of the witnesses for the Department testified, and it has received the approval of the trial judge. There is no charge of misconduct, passion, or any sinister motive on the part of the jury. The Department stipulated in the record much valuable work which it would do to protect the improvements and to promote the convenience of the farming operations to be carried on on the farm in the future, all to be done at the expense of the Department. This stiplation is embodied in the judgment order entered in the case. This court, under the record, would not be justified in substituting its judgment for that of the jury as to the value of the property· taken and the damages to the property not taken.

Upon a consideration of all errors assigned we find no prejudicial error, and the order and judgments of the county court are accordingly affirmed.

*Order and judgments affirmed.*