Marjorie Lingle, Plaintiff-Appellant, v. Harry M. Slifer et al., as Members of Board of Education of St. Elmo Community Unit School District Number 202, and St. Elmo Community Unit School District Number 202, Fayette County, Illinois, Defendants-Appellees.

Term No. 55–O–16.

Fourth District.

February 1, 1956.

Released for publication February 23, 1956.

Harold N. Lingle, of Anna, and Charles R. Myers, of Vandalia, for plaintiff-appellant.

Will P. Welker, of Vandalia, for defendant-appellee.

JUSTICE CULBERTSON delivered the opinion of the court.

Marjorie Lingle (hereinafter called plaintiff) petitioned the Circuit Court of Fayette County for a Writ of Mandamus and sought to compel the Board of Education of St. Elmo Community Unit School District Number 202 to reinstate her as a school teacher in the school district for the school year of 1954–1955. In the complaint plaintiff asserts that she is under the Teachers Tenure Act (1953 Illinois Revised Statutes, Chapter 122, Paragraphs 24—2 and 24—3 [Jones Ill. Stats. Ann. 123.1125, 123.1126]). The individual defendants named are the members of the Board of Education. It was set forth in the complaint that plaintiff was continuously employed as a teacher of music from the time of the organization of the school district in 1949 until the termination of service as hereinafter stated.

It is clear from the record that plaintiff was under the Illinois Teachers Tenure Act referred to, and that by the terms of such Act, removal or dismissal as it results from a decision of a Board of Education to decrease the number of teachers employed by the Board or to discontinue some particular type of teaching service, requires that written notice be given to the teacher by registered mail at least sixty days before the end of the school term, together with a state-

ment of honorable dismissal and the reason therefor. There is a further provision that if the position so discontinued is reinstated within a period of one calendar year, it must be tendered to the teacher dismissed because of such discontinuance.

A letter was sent to the plaintiff from the Board of Education, advising that the Board of Education notified plaintiff by registered mail as required by law that "the particular position now held by you is abolished. Therefore, there will be no place in the schools for you after the end of the current school year. This dismissal is honorable. There is no desire to do you an injustice nor to under-estimate the many good things you have done over the years." The letter was dated March 23, 1954. It was contended by plaintiff that her position had not in fact been abolished and she was wrongfully so advised. She presented herself to the Board of Education and offered to resume her duties as a teacher, but was denied such right by the superintendent. The evidence in the cause discloses that teaching or instruction in music of the character conducted by plaintiff was, in fact, discontinued, and that such music instruction was not being taught in the school district. No teacher of vocal music was employed by the Board to take the place of plaintiff, nor was the instruction of music assigned to any other teacher.

At a regular meeting of the Board of Education on March 14, 1955, minutes of the Board meeting of March 22, 1954 were amended and the amendment allowed, showing the action of the Board authorizing the dismissal. After the action of the Board the Notice of Dismissal dated March 23, 1954 was sent by registered mail and was received by plaintiff.

■ ■ The record of a School Board may be amended at any time to show what was in fact done at such proceeding (Phenicie v. Board of Education,

491

St. Joseph Community High School Dist. No. 305, 326
Ill. 73). The Board of Education may order the clerk
to amend the record of a previous meeting to show the
facts, although the personnel of the Board has changed
and a long period of time has elapsed (Board of Edu-
cation of Glencoe v. Trustees of Schools, 174 Ill. 510).
Boards of Education have not been required to main-
tain the highest degree of formality in the conduct of
proceedings on the principle that to do so would result
in injury to the public (Board of Education of Glencoe
v. Trustees of Schools, supra, pp. 510, 513), and for-
mality or a high degree of accuracy on the part of
School Trustees and officials is not exacted by the
Courts (Sloan v. Hawkins, 337 Ill. App. 345, 352).

The Court, in the case of Phenicie v. Board of Edu-
cation, supra, at page 78, stated: "The general rule
established by the decisions of this Court is, that a
School Board has the right to amend the record of its
action at any time so as to make them conform to the
real facts." The record shows that four former mem-
bers of the Board of Education who know the facts
and the two new members who heard a full disclosure
and discussion of the proceedings, voted to allow the
amendment to show the action and proceedings which
resulted in the motion to except certain named teach-
ers, one of whom was plaintiff, from those who were
to be re-employed.

██ It is contended in this Court by plaintiff that
allowance of the amendment was improper and that
the record of the proceedings of the Board of Educa-
tion, as originally kept, constituted the only lawful
evidence of the action taken and could not be contra-
dicted or supplemented by parol evidence. She sought
to introduce evidence of conversations by members of
the Board of Education among themselves in their of-
ficial capacity, but the Court refused to admit such
evidence on the ground that the record could not be

contradicted by parol evidence. This was proper under the precedents in this State (Phenicie v. Board of Education, supra).

The contention made by plaintiff to the effect that the letter to plaintiff did not indicate that the teaching of music was abolished, is difficult to sustain. The letter and the action of the Board seem consistent and clear. It is apparent from the record that an extensive plan of reorganization and readjustment was being carried out by the Board of Education and that certain positions, including the teaching of music by plaintiff at four rural centers, were abolished, and four specific teachers were not rehired.

 Under the law, unless plaintiff establishes a clear right to mandamus, it should not be granted. Under the facts in the record there was compliance with the Teachers Tenure Act as to notice of dismissal. The position formerly filled by plaintiff, so far as the record discloses, was abolished and not given to any other person. Under the facts in the record and in light of the rule of construction that a statute creating a new liability such as the Teachers Tenure Act should be strictly construed in favor of the Board or person sought to be subjected to its operation (Anderson v. Board of Education of School Dist. No. 91, 390 Ill. 412), we believe the Court below properly concluded that plaintiff had not established her right to a writ of mandamus and the judgment of the Circuit Court of Fayette County was properly entered. Such judgment will, therefore, be affirmed.

Judgment affirmed.

BARDENS, P. J. and SCHEINEMAN, J., concur.