Robert H. Goldman, et al., as Members of the Board of Education of Springfield School District No. 186, Sangamon County, Plaintiffs-Appellants, v. Charles N. Zimmer, Defendant-Appellee.

Gen. No. 10,633.

Fourth District.

November 8, 1965.

Rehearing denied December 16, 1965.

277

Richard R. Grummon, of Springfield, for appellants.

Brown, Hay & Stephens, of Springfield (Paul W. Gordon, Jr., and Edward J. Cunningham, of counsel), for appellee.

CRAVEN, J.

This is an appeal from an order of the circuit court of Sangamon County granting the defendant's post-trial motion for arrest of judgment and dismissing a petition for condemnation. The issue here for determination is the validity of the purported exercise of the power of eminent domain by the plaintiff board of education.

The petition for condemnation was filed in May of 1963. In it was the allegation that the plaintiffs were the members of the Board of Education of Springfield School

District No. 186, that the same was a special charter school district, that there existed statutory authority for the exercise of the power of eminent domain, and the petition set forth the land sought to be taken. The intended use was stated to be for "a school site and for school purposes including but not limited to warehouse and administrative facilities." The failure of the parties to agree on a price was alleged, as was defendant's ownership of the land sought.

Thereafter, in July of 1963, a motion to dismiss the petition was filed which, in substance, asserted that the intended use was not a use specified in sec 32–4.13 of art 32 of the School Code of 1961 (Ill Rev Stats 1961, c 122, § 32–4.13), i. e., not as a site for a school building or an addition to a school building, nor as a playground for school children.

Thereafter plaintiffs amended the petition to add the allegation that the land was to be taken " 'for a site for a school building.' " The motion to dismiss was then denied.

In November of 1963, the defendant filed another motion to dismiss, asserting that no bona fide attempt had been made to agree on a price, that the land was not necessary for the purpose specified, and that the amount sought to be taken was excessive. It was further urged in the motion that part of the premises was to be used for parking facilities, a use alleged to be beyond the authority of the school board. The motion also asserted that there had been no official action taken by the plaintiffs to authorize the condemnation proceeding.

Prior to a hearing on this motion, the defendant took the depositions of two of the plaintiffs, the school superintendent and the assistant school superintendent in charge of buildings and maintenance. These depositions were received in evidence at the hearing on the second motion to dismiss over the objections of the plaintiffs.

In January of 1964, the motion to dismiss was denied. The defendant thereupon made demand for a copy of the resolution authorizing the condemnation proceeding, and likewise made demand for a copy of the plans and specifications of the building proposed to be erected on the premises. In response to this demand the plaintiffs filed a certified copy of a resolution of the board of education, which said resolution recited that the board, at an executive conference, had authorized and directed its attorney to proceed with the condemnation proceedings, that the board was informed of the progress of said proceedings by the attorney, and further contained this language:

"NOW THEREFORE BE IT RESOLVED by the Board of Education of Springfield School District No. 186, Sangamon County, Illinois, that the action of its attorney, in compliance with the oral instructions, in filing the condemnation proceeding against Charles N. Zimmer for the real estate described above and more specifically described in said legal proceedings, be and the same is hereby fully ratified and accepted officially in the same manner and to the same extent as if this technicality had been complied with prior to the filing of said proceeding."

No plans or specifications were filed, the answer to the demand for the same being that there were none.

Another motion to dismiss was then filed by the defendant resulting in a further amendment to the complaint by the plaintiffs, as a result of which this motion was also denied.

The defendant then filed a cross-petition for a determination of damages to land not taken. The cause proceeded to trial and the jury returned a verdict fixing damages on the cross-petition at $2,000 and compensation for the land taken at $8,000. Judgment was entered on this verdict.

The defendant, by his post-trial motion, reasserted the matters presented by the earlier motions, and the post-trial motion was allowed, the judgment vacated and the action dismissed.

This appeal is concerned only with the question of the validity of the petition as amended, no appeal having been filed by either party from the jury's findings on the question of damages.

The depositions that were admitted into evidence established that the school board, in an "executive session," authorized its attorney to negotiate with the defendant for the purchase of the land now sought to be taken by eminent domain. Appraisals were obtained, an offer of $2,000 per acre was made and refused. The defendant countered with an offer to sell at $46,800, or about $12,000 per acre. Subsequently the petition for condemnation was authorized, again at an "executive" or nonpublic session. The authorization to negotiate and the authority to institute the instant proceedings were informally given, there were no minutes of the proceeding and no formal motions or resolutions were adopted.

██ School boards, while not held to the highest decree of accuracy or formality in the discharge of their duties, must, nevertheless, exercise power in the manner provided by statute. Carter Oil Co. v. Liggett, 371 Ill 482, 21 NE2d 569 (1939). Lingle v. Slifer, 8 Ill App2d 489, 131 NE2d 822 (1956). Casual meetings of members purporting to transact official business have no validity. Shortal v. School Directors of Dist. 27, 255 Ill App 89 (1929).

Sec 42 of ch 102, Ill Rev Stats 1961, which provides, generally, that all official meetings of public bodies shall be public, does except school board meetings where the acquisition or sale of property, among other things, is being considered. Plaintiffs suggest this statute validates the informality of their proceeding. We do not agree.

■ This statute, so far as relevant, permits discussion of land acquisition in closed meetings. It does not eliminate the necessity for formal action nor does it contemplate that records of the closed meetings are not to be maintained.

As stated in ILP Schools sec 67, at 78:

> "A record is required to be kept of the essential steps in the exercise by the board of its powers; every essential proceeding in the course of its exercise of its powers must appear in some written and permanent form in the records of the body authorized to act upon them. Proper minutes and records should be kept by a school board to the end that the persons who are carrying the tax load may make reference thereto and future boards may be advised of the manner of disposition of questions which have arisen. The record of the board imports verity and constitutes the only lawful evidence of action taken." (Footnotes omitted.)

■ It is apparent, therefore, that the "executive session" authorization to institute this proceeding was not an effective exercise of the power of the board to commence condemnation. The original petition was, thus, insufficient.

The deficiencies in the petition were ultimately cured, however, through the labored process of motion and amendment. The fact of the adoption of the formal resolution, filed in response to the demand therefor, ultimately established, before the trial of the issue, that the board of education, by appropriate resolution, authorized this proceeding.

■■ It has been recognized that a board may, under proper circumstances, amend its records to correctly reflect the facts as the same existed. Lingle v. Slifer, supra. See also People ex rel. Stewart v. Chicago, M. & St. P. Ry. Co., 326 Ill 179, 157 NE 200 (1927). Effec-

tively, by the amendment process and by the introduction of the depositions, all of the necessary conditions precedent to the institution of the proceeding were set forth in the pleadings, with the possible exception that there had not been a demonstration that the parties were unable to agree on compensation. Here it was evident from the contest and the acts of the parties that the parties could not agree as to compensation to be paid for the land sought to be condemned. The divergent views of the parties as to value were such that all could reasonably conclude that agreement was impossible. Chicago, N. S. & M. R. Co. v. Chicago Title & Trust Co., 328 Ill 610, 160 NE 226 (1928).

■■ The other issues raised in the various motions and reasserted in the post-trial motion have often been adjudicated in this State. It is well-established that the determination to use the power of eminent domain for specified purposes is essentially legislative, and it is but for the court to decide whether the statutory conditions authorizing the exercise of the power exist. Bierbaum v. Smith, 317 Ill 147, 147 NE 796 (1925). The quantity of land sought to be taken is likewise not subject to judicial interference in the absence of a showing of a clear abuse of the legislative discretion.

■ As to the final question remaining—whether the intended use was one permitted by the School Code—we think there is little controversy. Two sections of the code grant to the plaintiff board the power of eminent domain: Sec 32–4.13 of ch 122, Ill Rev Stats 1961, authorizes condemnation for a site for a school building; and sec 16–6 of the same chapter authorizes the acquisition of land "as a site for a building or for any education purpose." The allegation of the petition is well within these statutory limitations and the defendant demonstrated the use to be within these limitations.

The action of the circuit court in granting the post-trial motion was error. The order appealed from must,

therefore, be reversed and the cause remanded to the circuit court of Sangamon County with directions to deny the post-trial motion and to reinstate the judgment.

Judgment reversed and remanded, with directions.

SMITH, P. J. and TRAPP, J., concur.