(No. 39773.—

ROBERT H. GOLDMAN *et al.,* Appellees, *vs.* DORIS E. MOORE *et al.,* Appellants.

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

BROWN, HAY and STEPHENS, of Springfield, (PAUL W. GORDON, JR., and EDWARD J. CUNNINGHAM, of counsel,) for appellants.

RICHARD R. GRUMMON, of Springfield, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In this eminent domain proceeding, instituted to acquire land for the Board of Education of Springfield School District No. 186, in Sangamon County, a jury awarded the defendant $8,000 for the parcel of land taken, and $2,000 as damages to the defendants' remaining property. The trial court granted the defendants' post-trial motion and dismissed the eminent domain petition. The appellate court reversed, (64 Ill. App. 2d 277,) and we granted leave to appeal. The issue in this court is whether the procedure followed by the board was adequate to sustain its exercise of the power of eminent domain.

The petition was filed May 21, 1963. No formal resolution concerning the acquisition of the land in question had been adopted at that time. In response to the defendants' demand for discovery of any enabling resolution, a certified copy of a resolution adopted by the board on February 17, 1964, was filed. The preamble to this resolution recited that at an "executive conference" held on April 15, 1963, the

board had discussed the acquisition of real estate and had authorized its attorney to proceed with condemnation proceedings for the acquisition of the land in question as a site for a school building, and that in subsequent meetings the board publicly and officially recognized the existence of of the proceedings by requesting its attorney to report on their progress. The resolution stated "* * * that the action of its attorney, in compliance with the oral instructions, in filing the condemnation proceeding against Charles N. Zimmer for the real estate described above and more specifically described in said legal proceedings, be and the same is hereby fully ratified and accepted officially * * * as if this technicality had been complied with prior to the filing of said proceeding."

The defendants contend that a public body must, as a condition precedent to the filing of an eminent domain petition, adopt a valid enabling ordinance or resolution containing "a finding that the proposed taking is necessary." It is also their position that the resolution of February 17, 1964, is an inadequate record of the prior action of the board, in that it purports to "ratify and accept" the attorney's filing suit, and does not "amend" anything "because the Board had kept no records and there was, therefore, nothing to amend."

The authority of the board to acquire property by eminent domain is granted by section 32—4.13 of the School Code which provides that special charter school districts may acquire lands for school building or playground purposes, "in the manner required by law for the exercise of the right of eminent domain." (Ill. Rev. Stat. 1961, chap. 122, par. 32—4.13.) The Eminent Domain Act requires that the condemnor file a petition, "setting forth, by reference, his or their authority in the premises, the purpose for which said property is sought", a description of the property, and the names of interested persons. (Ill. Rev. Stat. 1961, chap. 47, sec. 2.) The "authority" to which this section refers means the condemnor's statutory authority, and not a reso-

lution adopted by the condemnor. (*City of Winchester* v. *Ring,* 312 Ill. 544, 554-555; *City of Mound City* v. *Mason,* 262 Ill. 392, 396-7; *Lake Shore and Michigan Southern Railway Co.* v. *Baltimore and Ohio and Chicago Railroad Co.* 149 Ill. 272, 285.) There is thus no explicit statutory requirement that the board make a formal finding with respect to the necessity of acquiring land which it seeks to acquire by eminent domain.

Although the statute does not specifically require formal action by the condemnor, such a requirement necessarily follows from the effect that is given to the condemnor's determination of the necessity for the taking. "The question of the necessity for the land to be taken is left largely to the determination of the corporation, subject to judicial review and revision on abuse of the right, and where the court finds that the use for which the property is to be taken is a public one, it will not inquire into the amount of property necessary for such use, unless it appears that the quantity of property taken is grossly in excess of the amount necessary. (*Village of Depue* v. *Banschbach,* 273 Ill. 574; *City of Chicago* v. *Lehmann,* 262 id. 468; *County of Mercer* v. *Wolf,* 237 id. 74; *Smith* v. *Drainage District,* 229 id. 155; *Smith* v. *Chicago and Western Indiana Railroad Co.* 105 id. 511.)" (*City of Winchester* v. *Ring,* 312 Ill. 544, 555.) It has been held that while a condemnor is not required to offer in evidence the ordinance or resolution under which it is proceeding, the property owner has the right to have it produced, and where none was forthcoming, the proceeding failed. *City of Mound City* v. *Mason,* 262 Ill. 392, 397; see also, *City of Rockford* v. *Rockford Life Insurance Company,* 16 Ill.2d 287.

When the eminent domain petition in this case was filed, no formal action had been taken by the board with respect to the acquisition of the land in question. Until about nine months after the filing of the petition, no record existed by which any property owner or interested citizen could determine the position of the board with respect to the acquisition

454

of the property in question. Whether in this case a specific evil resulted from this deficiency is beside the point. The procedure followed obviously lends itself to improper conduct on the part of public officials.

The appellate court properly held that the original petition was insufficient because the action taken by the board at its "executive session" was not an effective exercise of the power of eminent domain. It also held, however, that the resolution of February 17, 1964 "ultimately established, before the trial of the issue, that the board of education, by appropriate resolution, authorized this proceeding." (64 Ill. App. 2d 277, 282.) In this determination, we are of the opinion that the appellate court erred. The resolution referred back to instructions given to the attorney for the board at the "executive session," and purported to ratify what had been done in accordance with those instructions. In this court the board of education does not argue that the resolution of February 17 was an effective ratification of the action taken at the "executive session." Rather it contends that the resolution amended the records of the board. But the resolution did not purport to amend the records of the board, and it is undisputed that there were no records of the "executive session" which would have provided a basis for amendment.

The judgment of the appellate court must be reversed, and that of the circuit court affirmed.

*Appellate court reversed; circuit court affirmed.*