Donald C. and Frances Bigham, David D. and Margaret A. Gottwalt, Leo A. and Hilda Keller, Warner K. and Wilma K. Albrecht, Mary A. and Thomas M. Flanagan, Harlan M. and Angeline Wiss, Helen Whitebook, George L. and Jeav Everhart, Don and Mabel Glancey, J. Paul and Mary J. Van Hoorebeke, and S. S. D. Corporation, Plaintiffs-Appellants, v. The City of Rock Island, Illinois, a Municipal Corporation, and James F. Nelson, Defendant-Appellee.

Gen. No. 69–39.

Third District.

March 23, 1970.

Sidney S. Deutsch, of Rock Island, for appellant.

Marvin Andich, Dorothea O'Dean, and Bernard Gillman, of Rock Island, for appellee.

RYAN, J.

Plaintiff in this case challenges the validity of a certain zoning ordinance of the City of Rock Island changing the classification of a certain area from R–2 to R–5, the latter classification increasing the use density of the property. Plaintiff raised several points of objection at the trial level. The case was heard before the Court without a jury. Following a judgment in favor of the City, plaintiff took this appeal and presents a single issue for review. Plaintiff contends that the ordinance rezoning the property was not properly enacted.

The matter first came before the City Council at its meeting of December 18, 1967, when the Council was advised that the Planning Commission recommended approval of the proposed rezoning. Upon motion made,

seconded and carried, the matter was referred to the Committee-of-the-whole for further study.

At the January 8, 1968 meeting of the Council, the Council was again advised of the report of the Planning Commission recommending approval of the requested change in rezoning and a motion at that time was made, seconded and passed for the purpose of referring this requested change to the City Attorney for the purpose of preparing an Ordinance.

At the January 15, 1968 meeting of the City Council, the special rezoning ordinance was adopted unanimously. The "yea" and "nay" votes were recorded by the City Clerk in a bound book kept for this purpose. This is a separate book from the book in which the minutes of the meeting are kept.

Plaintiff's contention that the ordinance is invalid is based on three points.

██ The first point raised by the plaintiff is that the Committee-of-the-whole meeting was not a public meeting and was held in violation of the statute. (Ill Rev Stats 1967, c 102, § 41 et seq.) Plaintiff contends that such proceedings violate the public policy of the state and that the statute is, therefore, void. The plaintiff has offered no evidence that any action concerning the ordinance in question was taken at any Committee-of-the-whole meeting. In the case of Goldman v. Summer, 64 Ill App2d 277, 212 NE2d 132, there was evidence which showed that the Board of Education at an "executive conference" authorized its attorney to proceed with condemnation proceedings. The court in that case held that the authority conferred in this manner was invalid. There is no such evidence in the case now before this court. The ordinance here considered was validly enacted by the city council at a regular meeting of the city council held on January 15, 1968. The evidence indicates that all action taken con-

cerning this ordinance was taken at meetings of the city council which were duly and lawfully held.

■ The plaintiff has also raised a question concerning the failure of the city council to comply with the public notice section of the statute. (Ill Rev Stats 1967, c 102, § 42.02.) The public notice requirement was enacted into law in July of 1967. This notice enactment provided that written public notice of meetings may be given at the beginning of the calendar year or the fiscal year of the city. The evidence is that the first fiscal year of the City of Rock Island after this notice statute became effective, did not begin until April 1, 1968. Under the statute, the City had the option of giving this notice either at the beginning of the calendar year or at the beginning of its fiscal year. Since the commencement of the fiscal year after the effective date of the statute had not occurred prior to the passage of the ordinance in question, it cannot be said that the City was acting contrary to statute or that the notice requirement was operative at this period of time so far as this matter is concerned. The action taken with regard to the ordinance was at the regular meetings of the City Council which were clearly public and notice of which had been posted.

■ ■ Plaintiff's third and final objection that the "yeas" and "nays" were not recorded in the journal, as required by the section of the Municipal Code previously cited, is without merit. There is no requirement in law that a single book called a journal be kept. Both the letter and spirit of the law are observed if a permanent public record is maintained in some reasonable form. This point has previously been passed on and well explained by our Supreme Court in the case of People v. Strohm, 285 Ill 580, 121 NE 223, where it stated at page 585:

384

"... a city council or village board is required to keep a journal of its proceedings. No form of such journal is specified, neither is it set out what such journal shall contain, nor whether it be in one or more books kept for that purpose. In this case it appeared that the village clerk kept a minute book and a book styled an ordinance record. The replications disclose no such violation of this section of the act as to render void the journal of proceedings of the village board. . . . The ordinance was passed in a manner substantially complying with the statute and was therefore legally passed."

In this court the plaintiffs contend that the record discloses that a "yea" and "nay" vote was recorded on a motion to consider the zoning ordinance, but that the record does not disclose that such a vote was recorded as to the vote on a motion to adopt the ordinance. Plaintiffs' exhibit No. 1 is a copy of the minutes of the meeting of the City Council held on January 15, 1968. This exhibit reflects that both a motion to consider the ordinance and a motion to adopt the ordinance were made, seconded and unanimously adopted on roll call vote but the minute book does not reflect the "yea" and "nay" vote of each councilman on these motions. The City Clerk testified that these votes were recorded in a separate book as above stated. This book was apparently in court and referred to by the City Clerk during his testimony. On cross-examination he testified as to what this book revealed as to how each councilman voted on the motion to consider the ordinance. He was not interrogated on either direct or cross-examination as to what this book revealed as to the vote of each councilman on the motion to adopt the ordinance, neither this book nor an extract therefrom was introduced into evidence.

■ Plaintiffs rely on the Village of Bourbonnais v. Herbert, 86 Ill App2d 367, 229 NE2d 574, wherein this court held that the statute required that the names of those voting "yea" and the names of those voting "nay" be recorded in the journal. It was not enough to record the number of those voting in favor or against the ordinance. We do not consider the Village of Bourbonnais case to support plaintiffs' position herein. In that case at page 370 we stated:

"A municipal ordinance ordinarily is regarded as presumptively valid and the burden is upon the one assailing it to overcome that presumption."

We further held that this presumption of validity can be overcome by contrary evidence. In the Bourbonnais case the contrary evidence consisted of the minutes of the meeting at which the ordinance in question was purportedly adopted. Those minutes reflected that each individual trustee's vote on the motion to adopt the ordinance was not recorded as required by statute.

It does not appear from the Complaint as contained in the abstract of record filed herein that the invalidity of the ordinance based on the failure to record the "yea" and "nay" vote on the motion to adopt the same was raised in the trial court. The trial judge's memo of his decision in this case as presented in the defendants' brief indicates that the only question relating to the recording of the "yea" and "nay" vote raised in the trial court concerned itself with the validity of maintaining a record of such vote in a separate book from the book in which the minutes of the meetings are recorded.

■ Plaintiffs did not present any evidence to the trial court that the vote on the motion to adopt the ordinance was not properly recorded. The book in which the votes were recorded was in court and the city clerk

was examined and cross-examined concerning the contents thereof. Plaintiffs did not see fit to question the witness as to what the book in which the votes were recorded disclosed as to the recorded vote on the motion to adopt the ordinance. We, therefore, conclude that the plaintiffs have failed to sustain the burden of overcoming the presumption of the validity of the ordinance in question.

The decision of the trial court in favor of the defendant, City of Rock Island, should be and the same is hereby affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.