(No. 19865.—■■■■■■■■■)
THE CITY OF KANKAKEE, Appellee, *vs.* JOHN DUNN *et al.*
Appellants.

*Opinion filed December 20, 1929.*

W. H. DYER, and JOHN H. BECKERS, for appellants.

VICTOR N. CARDOSI, City Attorney, CHARLES D. HENRY, JR., and CHARLES W. KURTZ, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kankakee county in a special assessment proceeding under the Local Improvement act, overruling legal objections to a petition to construct a storm sewer in the city of Kankakee and confirming the assessment roll filed. The original petition filed by the city of Kankakee on the 14th of August, A. D. 1928, prayed the confirmation of a special assessment for the construction of a storm sewer. With the petition was filed a certified copy of the ordinance, estimate and

recommendation of the board of local improvements, a plat of the proposed sewer system and the assessment roll. The resolution of the board of local improvements described the proposed improvement and estimated the cost thereof. The ordinance likewise described the improvement, and directed that the city attorney of the city of Kankakee file a petition in the name of the city of Kankakee in the county court of that county praying that steps be taken to levy a special assessment for the said improvement in accordance with the provisions of the ordinance and laws of the State of Illinois. Objections were filed setting out that the ordinance was void for the reason that while in the description of the proposed improvement it showed that the sewer was to extend across certain private property owned by the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company it did not describe the private property to be taken for the improvement; that the ordinance was also invalid for the reason that it provides for a sewer to carry off storm and surface waters in a district lying in two separate and distinct watersheds, and that the assessment roll filed was void for the reason that the commissioners illegally and fraudulently omitted therefrom the property of the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company, which would be greatly benefited by said improvement. Later the city, leave being granted, filed an amendment to the petition, setting out that it would be necessary to take certain private property of the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company, describing the property necessary to be taken, and praying that steps be taken to ascertain just compensation for private property to be taken or damaged for the improvement and to ascertain what property would be benefited and the amount of such benefits, in accordance with the provisions of the ordinance. On March 18, 1929, the city council of the city of Kankakee adopted a resolution stating that it had passed and adopted the ordinance

providing for a local improvement and by which the city of Kankakee will acquire a right of way across certain private property, and directing that the city attorney file a petition in the name of the city praying that steps be taken to ascertain just compensation to be made for the private property to be taken and to ascertain what property will be benefited by such improvement and the amount of such benefits, or to amend the petition already on file to comply with and accomplish such purpose. Appellants filed a motion to dismiss the amended petition on the ground that the ordinance providing for the local improvement made no provision for the condemnation of land and gave no description of such lands. A hearing was had on legal objections, and the court overruled the same, denied the motion to dismiss the petition and entered judgment of confirmation, from which appellants have appealed to this court.

It does not appear that the question of the value of the property to be taken or damaged was tried.

A number of errors are assigned in this court, the first of which goes to the validity of the ordinance. The plat attached to the ordinance and made a part of the petition shows the proposed sewer is to extend over a strip of ground not dedicated or used as a street but owned by the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company. As we have seen, the original ordinance made no provision for condemning property and contained no statement that the sewer proposed to be constructed passed over any private property or that private property was to be taken or damaged for the improvement. The assessment roll filed by the commissioners under the amended petition shows that there is to be taken by the improvement a strip ten feet in width and one hundred feet in length belonging to the railroad company, and the commissioners fixed the value of this property at one dollar, with no damage to property not taken.

Appellants argue in support of their contention concerning the invalidity of the ordinance, that as it did not describe property to be taken it formed no basis for a petition or proceeding in the county court for the construction of the improvement; that under sections 7 and 8 of the Local Improvement act it is necessary, whenever a proposed improvement will require that private property be taken or damaged, that the resolution of the board of local improvements and the ordinance authorizing the improvement shall describe the property proposed to be taken or damaged with reasonable certainty, and that in this case the ordinance and resolution of the board of local improvements did not describe any property to be taken. Section 7 of the Local Improvement act requires that all ordinances for local improvements which are to be paid for wholly or in part by special assessment or special taxation shall originate with the board of local improvements. "Whenever the proposed improvement will require that private property be taken or damaged, such resolution shall describe the property proposed to be taken for that purpose." Section 8 of the Local Improvement act provides that the board of local improvements shall cause an ordinance to be prepared for the improvement, which shall be submitted to the city council or board of trustees, as may be, and which shall prescribe the nature, character, locality and description of the improvement, and shall provide whether the same shall be made wholly or in part by special assessment or special taxation of contiguous property. This section also provides: "If property is to be taken or damaged for said improvement, such ordinances shall describe the same with reasonable certainty."

It is essential to the validity of a judgment of confirmation under the Local Improvement act that there be as the basis thereof a valid ordinance. (*Village of Lena* v. *Kable,* 327 Ill. 246; *American Hide and Leather Co.* v. *City of Chicago,* 203 id. 451.) Clearly this ordinance does not

comply with the statute relating to a local improvement requiring the taking or damaging of private property. It is conceded that it does not describe the property necessary to be taken.

It is argued by appellee that the plat attached to the ordinance and petition shows that the sewer is to extend across this private property, and that this is sufficient. The plat does not show what amount of land is necessary to be taken—whether ten feet or fifty feet. The plat shows but a line indicating the location of the sewer, and is not sufficient to constitute a description of the land to be taken with that reasonable certainty required by the statute. Nor is it contemplated by the statute that a plat shall supply such information. The statute requires that the ordinance prescribe the nature, character, locality and description of the improvement, and if private property is to be taken it requires also a description of that property with reasonable certainty. This is likewise true of the resolution of the board of local improvements. That requirement was not complied with, and there is therefore no valid ordinance lying at the base of this proceeding.

Appellee argues that section 13 of the Local Improvement act permits the city to describe the property to be taken by a subsequent order, and that the resolution of the city council on March 18, 1929, cures the defect in the original ordinance. Section 13, so far as it relates to this matter, provides that the city may "either in such ordinance or by subsequent order, designate some officer to file a petition in some court of record in the county, * * * praying that steps may be taken to ascertain the just compensation to be made for private property to be taken or damaged for the improvement or purpose specified in such ordinance." This section of the statute, as its language indicates, applies only to the procedure. Sections 13 to 33 of the Local Improvement act provide the method of pro-

ceeding in case the ordinance adopted shows the necessity for taking or damaging private property. Before these sections are made applicable a resolution and an ordinance meeting the requirements of sections 7 and 8 of the Local Improvement act must be enacted. *City of Chicago* v. *Farwell,* 260 Ill. 565; *City of Springfield* v. *Springfield Railway Co.* 295 id. 234.

No valid ordinance exists for this improvement, and the county court erred in refusing to dismiss the petition.

The judgment of the county court is reversed and the cause remanded to that court, with directions to dismiss the petition. *Reversed and remanded, with directions.*