(No. 35039.—)

THE CITY OF ROCKFORD, Appellee, *vs.* ROCKFORD LIFE INSURANCE COMPANY, Appellant.

*Opinion filed March 20, 1959.*

WILLIAMS, MCCARTHY & KINLEY, of Rockford, for appellant.

WILLIAM E. COLLINS, Corporation Counsel, of Rockford, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On June 14, 1957, the city of Rockford filed this eminent domain action to acquire a portion of the land of the Rockford Life Insurance Company for the purpose of extending Locust Street through that land. By motion to dismiss and traverse, the company attacked the sufficiency of the ordinance upon which the eminent domain proceeding was based. The motion to dismiss and traverse was overruled and after a jury trial an award was entered. The company appeals directly. (Ill. Rev. Stat. 1957, chap. 47, par. 12.) It contends that the court erred in ruling that the ordinance was sufficient, and alternatively that the court erred in excluding certain evidence which it offered with respect to the value of the property taken. We reach only the first of these contentions.

The condemnation proceeding is based upon the following ordinance which was adopted on January 14, 1957:

"Section 1. That there is hereby established, created and designated a street to be known as Locust Street extending from the present terminus of Locust St., at North Court St. in the City of Rockford, in a [sic] easterly direction to the intersection with North Main Street.

" Section 2. Locust Street, between the intersection of North Main St. and Kilburn Avenue, is hereby declared to be an arterial highway within the meaning of the Statutes of the State of Illinois; and it is the intent of the City Council of the City of Rockford that Locust St. be designated as such an arterial highway. All ordinances or parts of ordinances in conflict herewith are hereby repealed."

The city concedes that it is impossible to determine from the ordinance what part of the company's property is to be taken. If the proposed extension of Locust Street in an easterly direction to North Main Street was simply a projection of the existing course of Locust Street, it would involve a different portion of appellant's property than that which is described in the petition in this case. Moreover, the width of the existing street is 50 feet, while the width of the strip of land described in the petition is 80 feet.

But the city contends that the ordinance upon which a proceeding under the Eminent Domain Act is based need not describe the property that is to be taken. Such an ordinance is sufficient, it argues, if it expresses the legislative determination of the necessity and public convenience of the improvement. And it points out that the Eminent Domain Act does not contain a provision like that of section 8 of the Local Improvement Act, (Ill. Rev. Stat. 1957, chap. 24, par. 84—8,) which requires that the ordinance upon which the proceeding is based shall describe with reasonable certainty the property to be taken.

In our opinion this argument misses the mark. The General Assembly has conferred the power of eminent domain upon the "corporate authorities" of cities and villages. (Ill. Rev. Stat. 1957, chap. 24, par. 23—1, 23—110.) The corporate authority of a city is its city council. (Ill. Rev. Stat. 1957, chap. 24, par. 1—2.) The record does not show that prior to the filing of the eminent domain petition the city council had determined, either by resolution or by ordinance, what land was to be taken. (Cf. *City of Mound City*

v. *Mason,* 262 Ill. 392.) Nor does it show that it delegated, or attempted to delegate, to anyone else the power to make that determination. (Cf. *Mitchell* v. *Lowden,* 288 Ill. 327.) An ordinance enacted on November 18, 1957, after this action was commenced, incorporates by reference a plat that does show the width and course of the proposed extension. It is the city's position, however, that this ordinance "had and has nothing to do with the condemnation case."

Because the record fails to show an exercise of the power of eminent domain by the corporate authority of the city, the petition should have been dismissed. The judgment of the county court must therefore be reversed, and the cause remanded with directions to dismiss the petition.

*Reversed and remanded, with directions.*