16 Ill.2d 257 (1959)
157 N.E.2d 46
THE CITY OF CHICAGO IN TRUST FOR USE OF SCHOOLS, Appellee,
v.
BEULAH L. RILEY, Appellant.
No. 35022.
Supreme Court of Illinois.
Opinion filed March 20, 1959.
*258 PRESCOTT, BURROUGHS, TAYLOR & CAREY, of Chicago, (A. MORRIS BURROUGHS, of counsel,) for appellant.
*259 FRANK R. SCHNEBERGER, and FRANK S. RIGHEIMER, both of Chicago, (JAMES W. COFFEY, and THOMAS R. TYRRELL, of counsel,) for appellee.
Judgment affirmed.
Mr. JUSTICE DAVIS delivered the opinion of the court:
This is an appeal by a property owner from an eminent domain proceeding brought by the Board of Education of the city of Chicago in the name of the City of Chicago In Trust For The Use Of Schools, which resulted in a jury verdict fixing the fair cash market value of the defendant property owner's land at $750.
The Board of Education of the city of Chicago, herein referred to as the Board, desiring to acquire 14 parcels of real property for school purposes, made an offer to the defendant, owner of parcel No. 1, by letter dated January 8, 1957. The parcel consisted of a lot improved with a two-story frame building and the Board offered to pay defendant $6,500 for this property. The offer provided that unless the Board heard from the defendant within ten days, it would be assumed that she had rejected the offer. The defendant contends, and the Board denies, that she accepted this offer. Thereafter, on August 3, 1957, defendant's building was washed or blown from its foundation during a violent storm, and a few days later, the city of Chicago demolished the building because of its hazardous condition.
On October 21, 1957, the Board filed its petition to condemn whereby it sought to acquire title to the 14 parcels of land in question, including parcel No. 1, owned by defendant. On November 20, 1957, defendant appeared by counsel, who participated in pretrial hearings, and on February 3, 1958, filed a verified petition praying for dismissal of the condemnation suit against her, or in the alternative, that judgment in the sum of $6,500 be entered against plaintiff as compensation for defendant's parcel. The petition alleged that the defendant had accepted the *260 Board's offer of $6,500. Plaintiff filed a sworn answer to the petition, denying that defendant had accepted the offer.
The court and counsel for plaintiff and defendant treated the petition of defendant as a traverse, and the petition and answer were set down for hearing. At this hearing, the defendant testified that she received the Board's offer of January 8, 1957, through the mail; that she went to the Board office within ten days and told Fred L. Arnholt, an employee of the Board, that she accepted the offer; and that she asked Arnholt if she would need a lawyer, and he said, "I don't know, if you do, there is one here in the School Board," and he further said, "Now you wait until you hear from us." She further testified that she heard nothing from the Board until she received a summons on or about October 21, 1957; that she did not sign any papers for the Board; that she continued to collect the rentals from the building until July, 1957; and that she did not hear from the city about tearing down the building.
Fred L. Arnholt, an assistant chief clerk in charge of the real estate division of the Board, testified that he did not recall talking to the defendant; that the Board had a form for signature by the owner upon acceptance of its offer; and that none of the owners in this area had signed such form. A building inspector for the city of Chicago testified that he inspected the building on August 7, 1957, and recommended removal because of its dangerous and hazardous condition; and that the wrecking began the same day and continued for about four days. The evidence established that the Board had no notice of the demolition of the building. At the conclusion of the evidence, the trial court denied defendant's motion for a declaratory judgment, and set the case for trial.
Upon the trial, the only evidence of the value of the property at the time of the filing of the condemnation petition was that of Harold F. Enright, a real-estate appraiser, who testified that the fair cash market value of the property *261 was $750. Defendant's offer of proof in support of the contentions raised by her motion for a declaratory judgment was refused and the court directed a verdict assessing damages for the defendant in the sum of $750. The defendant contends that the offer of plaintiff to pay $6,500 for the premises was accepted; that in any event, the acceptance of the offer was a question of fact, and should have been submitted to the jury for determination; and that the demolition of the premises by the city of Chicago estops plaintiff from denying the right of the defendant to the original offer.
The Board, however, contends that no contract existed between it and the defendant; that such fact was properly determined by the trial court; and that the trial before the jury was properly restricted to the value of defendant's property as of the date of the filing of the condemnation petition.
We believe that defendant's petition was in the nature of a traverse and concerned the plaintiff's right to condemn. (Trustees of Schools v. Clippinger, 404 Ill. 202.) It is well settled that the issues raised by such petition or motion are preliminary questions to be determined by the court without a jury. (Chicago Land Clearance Com. v. White, 411 Ill. 310; Board of Education v. City of Chicago, 402 Ill. 291; St. Clair Housing Authority v. Quirin, 379 Ill. 52; Sanitary District of Rockford v. Johnson, 343 Ill. 11.) In such case, the credibility of the witnesses and the weight to be given their testimony are to be determined by the court as the trier of fact, and its findings will not be disturbed unless they are manifestly against the weight of the evidence. Bauske v. City of Des Plaines, 13 Ill.2d 169; Northern Trust Co. v. City of Chicago, 4 Ill.2d 432.
At the hearing on the preliminary motion, the testimony of Arnholt and defendant were in direct conflict as to the acceptance of the Board's offer of $6,500. No written agreement was ever signed, and no other evidence tends to *262 corroborate defendant's testimony. On the contrary, grave doubt was cast upon the credibility of defendant's testimony by her acts, after the alleged acceptance of the Board's offer and without notice to it, in collecting rentals on the property, bringing suit to recover insurance for damage to the building, and defending damage claims arising out of her ownership.
It is undisputed that neither defendant nor her counsel asserted any right against the plaintiff by reason of the alleged acceptance of the January 8, 1957, offer until February 3, 1958, more than twelve months after the offer was made and more than three months after the petition for condemnation was filed. On this evidence we cannot hold that the trial court erred in finding that defendant did not accept the January 8, 1957, offer of the Board.
Defendant contends that the demolition of the building by the city of Chicago without her consent obligates the Board to pay to her the amount of the original offer. However, there was no evidence in the record which would estop the Board from denying defendant's right to receive the sum specified in the original offer. It is undisputed that the Board did not order or even have notice of the demolition of defendant's building.
The fallacy of the defendant's argument is the assumption that the city and Board of Education are the same municipal agency, while in fact they are separate and distinct entities. Under the statute, the city of Chicago is prohibited from exercising the powers of the Board. (Ill. Rev. Stat. 1957, chap. 122, pars. 34-2, 34-16.) It was the Board and not the city that exercised the power of eminent domain, even though the condemnation proceedings were conducted in the name of the city, in trust for the use of schools, and the title to all real estate held for the use and benefit of the schools was taken and held in the name of the city in trust for the use of schools. Ill. Rev. Stat. 1957, chap. 122, par. 34-19.
*263 In Pickus v. Board of Education, 9 Ill.2d 599, at p. 606, we stated: "It must be construed in recognition of the fact that the city and the Board of Education are essentially different bodies; that each has its peculiar functions to perform, and that neither can perform the functions of the other. As we observed in Schreiner v. City of Chicago, 406 Ill. 75, `although the territory of the city and the school district is coterminus, and some of the officers perform dual duties, they are two separate organizations. The city of Chicago is a municipal corporation, and the statute likewise provides that the board of education is a "body politic and corporate."'" Therefore, the action of the city in demolishing the defendant's building without notice to or collusion with the Board, cannot affect the rights of the parties to this proceeding. The trial court was correct in denying defendant's motion to dismiss the condemnation suit, or in the alternative, to award damages in the amount of $6,500.
The defendant cites Trustees of Schools v. Clippinger, 404 Ill. 202, to sustain her contentions. However, in Clippinger, the property owner entered into a written agreement with the board of education, selling the premises for a stated amount and giving the board the right to immediate possession. Pursuant to the written agreement, the board took possession of the premises and removed the old buildings from the property. The board thereafter filed condemnation proceedings, contending that the defendant breached the terms of the contract by failure to deliver sufficient evidence of title pursuant to the agreement. We affirmed the dismissal of the condemnation proceeding, and held that the board of education waived the provision for delivery of good title within six months. That case is inapposite. We need not decide what the situation would be in the case at bar had the school Board entered upon and taken possession of the premises.
After disposition of the preliminary motion, the only *264 issue to be tried by the jury was the just compensation to be paid to the owner of the property sought to be taken. (Chicago Land Clearance Com. v. White, 411 Ill. 310; Board of Education v. City of Chicago, 402 Ill. 291; Sanitary District of Rockford v. Johnson, 343 Ill. 11.) It is well settled that the value of the property must be determined as of the time of filing the petition for condemnation. Dept. of Public Works and Buildings v. Bohne, 415 Ill. 253; Public Service Co. v. Leatherbee, 311 Ill. 505; Forest Preserve Dist. v. Eckhoff, 372 Ill. 391.
The only competent evidence submitted to the jury was that of plaintiff's appraiser, Enright, who testified that the fair cash market value of the property at the time of the filing of the petition was $750. The jury was therefore obligated to determine the value of the subject property upon the only evidence before it, and the court properly directed a verdict in that amount. Nutwood Drainage and Levee Dist. v. Mamer, 10 Ill.2d 101.
We therefore conclude that the judgment of the trial court was correct, and it is accordingly affirmed.
Judgment affirmed.