THE VILLAGE OF PARK FOREST, Plaintiff-Appellant, v. LA SALLE NATIONAL BANK et al., Defendants-Appellees.

(No. 73-39;

Third District—December 28, 1973.

*Rehearing denied January 29, 1974.*

Harry D. Leinenweber, of Joliet, and Henry X. Dietch, of Chicago, for appellant.

Donald Wennlund, of Joliet, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The Village of Park Forest appeals from an order of the Circuit Court of Will County which dismissed, in part, a petition filed by the Village of Park Forest as against defendants seeking the acquisition of certain real estate through eminent domain. The appeal is expedited to this court pursuant to Illinois Supreme Court Rule 304 (Ill. Rev. Stat. 1971, ch.

110A, § 304), wherein the court found that there was no just reason for delaying enforcement of or appeal from its order.

On December 20, 1965, La Salle National Bank, as Trustee, conveyed to the Village of Park Forest, an undivided 58¾% interest in three parcels of real estate. The real estate was and is still within the corporate limits of the village. By express stipulation in the trust deeds, the real estate was to be used only for "educational, including but not limited to university, college or junior college, or recreational or conservation purposes."

On March 16, 1970, the village adopted Ordinance No. 748 declaring the necessity for and authorizing the acquisition of the remaining undivided 41¼% interest in two parcels of the real estate in question. The village attorney was directed to negotiate for the purchase of the real estate described in the ordinance up to a sales price of $87,400. In the event an agreement could not be reached, eminent domain proceedings were to be instituted. Minutes of the village board's meetings on the days of the three readings of Ordinance No. 748 refer to the acquisition of the "old college site" or the "so-called college site at Monee Road and Indianwood."

On April 22, 1970, the village filed its petition for condemnation of not only the two parcels of real estate described in Ordinance No. 748, but also the remaining parcel of real estate in which the village had acquired an undivided 58¾% interest through the December 20, 1965, conveyances by the La Salle National Bank. On July 6, 1970, the village adopted Ordinance No. 765, identical in form to Ordinance No. 748, but adding the additional parcel of land not specifically described in Ordinance No. 748. On December 18, 1970, Park Forest South Developers, Inc., acquired the fee to all three parcels of real estate in question through a partition sale ordered by the circuit court in another cause. That company was thereafter made a party defendant herein. On March 15, 1971, the village adopted Ordinance No. 802, similar in form to Ordinance No. 795, but providing for a negotiated purchase price for the properties of up to $246,400. On motion of defendants, the circuit court dismissed the condemnation petition as to the parcel of real estate not specifically described in Ordinance No. 748. As to the other two parcels, the petition is still pending in the circuit court.

■■ The sole question presented to this court is whether Ordinance No. 765 may be allowed to operate *nunc pro tunc* as of the date of Ordinance No. 748, as all parties agree that a condition precedent to the commencement of the instant eminent domain proceeding was the existence of a valid ordinance or resolution specifically describing the land sought to be obtained and authorizing its acquisition. *City of Rock-*

*ford v. Rockford Life Insurance Co.* (1959), 16 Ill.2d 287, 157 N.E.2d 21; see also *Village of Gulfort, Henderson County v. Buettner* (3d Dist. 1969), 114 Ill.App.2d 1, 251 N.E.2d 905.

The village maintains that since the village board minutes relating to the readings and enactment of Ordinance No. 748 clearly manifest the board's intention to authorize the acquisition of all three parcels of land, failure to specifically describe one of the parcels in that ordinance must be regarded as a mere typographical error which was subsequently retroactively cured by the adoption of Ordinance No. 795. We do not believe that the record supports that position. Not only does Ordinance No. 795 fail on its face to indicate any intention on the part of the board that it be given retrospective effect, it expressly calls for its prospective application. In that regard, it has long been the law in this State that an intention that an ordinance have retrospective effect must be manifested by clear and unequivocal language; prospective application only being the rule in case of doubt. (*McQuesney v. Catholic Bishop of Chicago* (1st Dist. 1959), 21 Ill.App.2d 554, 195 N.E.2d 43; *DeWolf v. Marshall Field & Co.* (1st Dist. 1916), 201 Ill.App. 542.) Here, as we have seen, there can be no doubt whatever on the question, as the ordinance expressly contemplates prospective operation, thereby negating a construction that retrospective operation may have been intended.

■■ While the fact that no retrospective effect was clearly manifested in Ordinance No. 795 of itself justifies affirmance of the circuit court's order herein, we nonetheless deem it prudent to further observe that the record before us fails to establish the village's factual premise that failure to include the missing parcel of real estate in Ordinance No. 748 may be regarded as a mere typographical error. That the minutes of the village board meetings concerning the readings and adoption of that ordinance refer to an intended acquisition of the "old college site" or the "so-called college site at Monee Road and Indianwood" cannot negate the fact that the ordinance itself specifically describes only two parcels of real estate within the "old college site" as being affected thereby.

■■ It is accordingly our view that there exists no adequate memorial in the village's records showing that the parcel of land in question was actually intended to be included in Ordinance No. 748. The instant matter differs substantially from the facts found in *Ricketts v. Hiawatha Oil and Gas Co.* (Ky. 1945), 189 S.W.2d 858, the case principally relied upon by the village for the proposition seeking *nunc pro tunc* operation of Ordinance No. 795. In that case, the Kentucky court sanctioned the *nunc pro tunc* operation of a resolution by a city council ratifying an oil and gas lease 3½ years after its execution. However, the record memorial

relied upon by the court was a copy of a required statutory notice of sale clearly acknowledging the existence of the missing resolution authorizing the lease. It was thus eminently clear that such resolution had been passed, the problem being only an inadvertent failure on the part of the city clerk to enter and record it. As we have observed, there exists no such clear memorial of the village's action here.

Since we find no error in the order from which the appeal has been taken by plaintiff, the order of the Circuit Court of Will County is hereby affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.